This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38535

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**CHARLIE F.,**

 Respondent-Appellant,

and

**TRINASHA McD.,**

 Respondent,

**IN THE MATTER OF ETERNITY-RAIN McD.,**

 Child.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY
LaDonna L. Giron, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons
Nancy L. Simmons
Albuquerque, NM

for Appellant

Nicoleta Spilca
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Respondent Charlie F. (Father) appeals from the district court's judgment terminating his parental rights. On order of this Court, the district court supplemented its judgment with findings of fact and conclusions of law (supplemental order). Following the entry of the supplemental order by the district court, this Court issued a notice of proposed disposition proposing to affirm. In response, Father has filed a memorandum in opposition and motion to amend the docketing statement (MIO), which we have duly considered. Remaining unpersuaded, we deny the motion to amend the docketing statement and affirm the termination of Father's parental rights.

**{2}**     In his MIO, Father's continues to argue that the Department failed to make reasonable efforts to assist Father in alleviating the causes and conditions that lead to Child's neglect. [MIO 14-16] However, Father concedes that this issue as it was raised in his docketing statement was non-meritorious. [MIO 14] Instead, citing *State v. Penny J.*, 1994-NMCA-143, ¶ 20, 119 N.M. 328, 890 P.2d 389, Father shifts the focus of his argument regarding the Department's efforts, arguing that he may impeach their reasonableness "on the basis that those efforts were directed at the wrong causes and conditions or were insufficient because of unique factors." [MIO 14]

**{3}**     We note that Father's MIO does not contest or address the district court's findings that the Department recommended a treatment plan for Father, that Father partially complied with the treatment plan, including discharge from his parenting plan and individual counseling in the summer of 2014, that he continued to test positive for alcohol and illegal substances following discharge, that he did not call in consistently for random urinalysis testing, and that he did not consistently visit with Child. [Supp. Ord. FOF ¶¶15-19] Father instead now claims that the Department's efforts to assist Father to comply with his treatment plan were unreasonable because the Department did not assist Father to address the underlying issues that Father claims were barriers to his success, including payment for services and transportation and housing issues. [MIO 14-15] We note that Father appears to raise this argument for the first time on appeal and it is not clear whether the facts relied upon to support this argument were presented to the district court during the termination of parental rights hearing. Nonetheless, even assuming these facts were established, "our job [on appeal] is not to determine whether [the Department] did everything possible; our task is limited by our statutory scope of review to whether [the Department] complied with the minimum required by law." *State*

*ex rel. Children, Youth & Families Dep't v. Patricia H.* 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859.

**{4}**   Father's assertion, citing out-of-state case law, that the termination of his parental rights was based on Father's poverty alone is not supported by New Mexico's established jurisprudence or the record below. [MIO 15-16] *See id.* ¶ 23 ("[W]hat constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and recalcitrance of the problems that render the parent unable to provide adequate parenting."); *see, e.g.*, *State ex rel. Children, Youth & Families Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 15, 126 N.M. 664, 974 P.2d 158 ("[The f]ather's transience, failure to communicate, and lack of cooperation rendered the [d]epartment's efforts sufficient."). Indeed, "[t]here is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current 'home,' under the care of his parents or foster parents, especially when such uncertainty is prolonged." *Penny J.*, 1994-NMCA-143, ¶ 23. As such, we conclude that Father has failed to demonstrate error on appeal. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("[I]t is [the appellant's] burden to demonstrate any claimed error below."). We affirm on this issue.

**{5}**   Father's MIO additionally relies on his docketing statement to continue to argue issues two through five as raised therein. [MIO 16-17] With regard to these issues, Father cites to no authority and presents no new facts or arguments in his MIO that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm on these issues.

**{6}**   We now address Father's motion to amend, in which he seeks to argue that the district court's termination of parental rights must be reversed because the findings are insufficient to support that Father abandoned Child. [MIO 2] In order for this Court to grant a motion to amend the docketing statement, the movant must establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. "The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable." *Moore*, 1989-NMCA-073, ¶ 42.

**{7}** In support of his motion to amend, Father refers to the district court's judgment entered on September 6, 2019. [MIO 2] However, the district court's supplemental order clarified that its intended basis for termination of Father's parental rights was neglect. [Supp. Ord. FOF ¶¶ 9, 15-20 & COL ¶¶ D, E] To the extent Father challenges abandonment, given that the district court's order clarified it was terminating for neglect, any alleged insufficiency in the findings to support termination on the grounds of abandonment do not provide a basis for reversal. *See State ex rel. Children Youth & Families Dep't v. Melvin C.*, 2015-NMCA-067, ¶ 15, 350 P.3d 1251 (concluding that neglect and abandonment are separate theories under which termination may be pursued and based upon). We therefore deny Father's motion to amend as to this issue as non-viable. *Moore*, 1989-NMCA-073, ¶¶ 41-42.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**